```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

RAYMOND POUNCEY and MELISSA      :
POUNCEY,                         :
                                 :
     Plaintiffs,                 :
                                 :
v.                               :   Case No. 3:19-cv-1354 (RNC)
                                 :
KEYBANK NATIONAL ASSOCIATION,    :
                                 :
     Defendant.                  :
```

RULING AND ORDER

Plaintiffs bring this action against KeyBank National Association with regard to a mortgage loan issued on July 10, 2007.  The mortgage loan has been the subject of a foreclosure action in state court, which resulted in entry of a judgment of strict foreclosure.  See KeyBank N.A. v. Raymond C. Pouncey, et al., No. MMX-CV16-6016547-S (Conn. Super.).  KeyBank has moved to dismiss the complaint in its entirety under Rules 12(b)(1) and 12(b)(6).  For reasons that follow, the motion to dismiss is granted.

I.   Background

The complaint alleges the following.  On July 10, 2007, plaintiffs entered into the mortgage loan with New Alliance Bank in the principal amount of $455,000.  At some point thereafter, New Alliance Bank became known as First Niagara Bank.  On April 26, May 6, and May 9, 2013, plaintiffs entered into written loan modification agreements with First Niagara Bank.  Under those

1

agreements, plaintiffs agreed to pay a modified monthly payment in the amount of $3,125.15.

On July 29, 2016, KeyBank acquired First Niagara Bank and thereby acquired the mortgage loan.  Since then, KeyBank has falsely claimed that plaintiffs are in default even though they have continued to make monthly payments of $3,125.15.  Similar claims were previously made by First Niagara Bank.

II.  Procedural History

On October 10, 2016, KeyBank brought a foreclose action against plaintiffs in Connecticut Superior Court.[1]  KeyBank N.A. v. Raymond C. Pouncey, et al., No. MMX-CV16-6016547-S (Conn. Super.)  Plaintiffs filed a "Disclosure of Defense" containing defenses such as misrepresentation and negligence.  As they do here, plaintiffs alleged that Keybank had falsely claimed that they were in default.

On July 5, 2018, KeyBank filed a motion for summary judgment.  Plaintiffs did not file an objection or appear for argument, and on October 15, 2018, the state court granted the motion.  On October 22, 2018, plaintiffs filed a motion to re-argue, which the court denied holding that there was "no genuine issue of material fact" regarding KeyBank's right to foreclose. KeyBank N.A. v. Raymond C. Pouncey, et al., No. MMX-CV16-

---

[1] Judicial notice is taken of the state court docket, rulings and proceedings.

6016547-S, Order 418032 (Conn. Super. Nov. 16, 2018).  The state court considered and rejected plaintiffs' special defenses, finding that they had "failed to sufficiently allege deceitful or unfair practices . . . that led to the filing of a foreclosure action . . . ."  Id.

On October 24, 2018, after the motion for summary judgment was granted, plaintiffs filed counterclaims in the state court action against KeyBank alleging violations of CUTPA, fraud, breach of contract, and intentional misrepresentation.  On April 8, 2019, the state court struck the counterclaims on the ground that they were untimely.

On September 3, 2019, plaintiffs filed the present case.  Three days later, the state court entered a judgment of strict foreclosure.  That judgment was recently affirmed in First Niagara Bank, N.A. v. Pouncey, 204 Conn. App. 433 (May 4, 2021).

III.  Legal Standards

Under Rule 12(b)(1), an action is properly dismissed for lack of subject matter jurisdiction "when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000) (citing Fed. R. Civ. P. 12(b)(1)).  In resolving a motion under 12(b)(1), the court "may refer to evidence outside the pleadings."  Id.

Under Rule 12(b)(6), a complaint is properly dismissed when

3

it fails to state a claim on which relief may be granted.  To withstand a properly supported motion to dismiss under this Rule, a complaint must present a claim that is "plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  The plausibility standard requires the plaintiff to provide factual allegations permitting a reasonable inference that the defendant is liable for the alleged wrong.

IV.   Discussion

    Res Judicata

KeyBank contends that plaintiffs' claims are barred by res judicata because the claims were previously litigated in the underlying state court action or could have been raised there. Res Judicata bars later litigation if (1) a judgment on the merits was rendered by a court of competent jurisdiction; (2) the parties to the prior and subsequent actions are the same or in privity; (3) there was an adequate opportunity to litigate the matter fully; and (4) the same underlying claim is at issue. Powell v. Ocwen Loan Servicing, LLC, No. 3:18-CV-01879 (JAM), 2019 WL 3412174, at *4 (D. Conn. July 29, 2019).  "[R]es judicata under Connecticut law extends not only to claims that were actually litigated but [to] those [claims] that might have been made in the prior litigation between the parties."  Id.; see also State v. Aillon, 456 A.2d 279, 283 (Conn. 1983) ("A judgment is final not only as to every matter which was offered

4

to sustain the claim, but also as to any other admissible matter which might have been offered for that purpose."). Res Judicata "is a rule of fundamental repose important for both the litigants and for society." In re Teltronics Servs., 762 F.2d 185, 190 (2d Cir. 1985).

Plaintiffs do not dispute that the first two factors listed above are met. But they do argue that they did not have adequate opportunity to litigate the matter in state court, as required by the third factor. In this regard, they argue that the ruling in U.S. Bank National Ass'n v. Blowers, 177 Conn. App. 622, 627-34 (2017), rev'd 332 Conn. 656, 655-67 (2019) was controlling at the time and precluded them from raising as a counterclaim the "bank's failure to adhere to the terms of a mortgage modification agreement." ECF No. 19 at 11.

I agree with KeyBank that plaintiffs' argument is based on a misreading of Blowers. Blowers held that "improper conduct occurring during mediation and modification negotiations" that did not result in a modification could not be raised as a defense. Blowers, 177 Conn. App. 622, at 629-30. Blowers went on to hold, however, that "if the modification negotiations ultimately result in a final, binding, loan modification, and the mortgagee subsequently breaches the terms of that new modification, then any special defenses asserted by the mortgagor in regard to that breach" would be valid.

5

Here, plaintiffs' complaint does not allege any misconduct during modification negotiations, but rather alleges that defendants did not follow the terms of the modified obligation. Therefore, plaintiffs' claims could have been raised in state court even before Blowers was overturned. Accordingly, the third element of res judicata is satisfied.

The fourth element is also met. Under Connecticut law, claims in a subsequent action that are transactionally related to a previous foreclosure action are barred by res judicata. Tanasi v. Citimortgage, Inc., 257 F. Supp. 3d 232, 255 (D. Conn. 2017). Res judicata applies to claims that "have a sufficient connection to the making, validity or enforcement of the note and mortgage." CitiMortgage, Inc. v. Rey, 150 Conn. App. 595, 605 (2014). All of plaintiffs' claims relate to whether defendant was entitled to foreclose on the mortgage loan. Accordingly, plaintiffs' claims are barred by res judicata.

Rooker Feldman[2]

KeyBank also invokes the Rooker Feldman doctrine, which bars suits in federal court "that are, in substance, appeals from state-court judgments." Hoblock v. Albany Cty. Bd. of Elections, 422 F.3d 77, 84 (2d Cir. 2005).[3] In a recent

---

[2] See Rooker v. Fidelity Tr. Co., 263 U.S. 413 (1923), and Dist. Of Columbia Ct. of App. V. Feldman, 460 U.S. 462 (1983).
[3] The Supreme Court of the United States is the only federal court with authority to review state court judgments. Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 283 (2005).

clarification of the scope of Rooker Feldman, the Supreme Court stated that the doctrine is confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil, 544 U.S. at 284.

Accordingly, the Rooker Feldman doctrine applies when four requirements are met: (1) the federal-court plaintiff must have lost in state court; (2) the plaintiff must complain of injuries caused by a state court judgment; (3) the plaintiff must invite district court review and rejection of that judgment; and (4) the state court judgment must have been rendered before the district court proceedings commenced. Hoblock, 422 F.3d at 85.

Here, plaintiffs lost in state court. Plaintiffs' alleged injuries were not originally caused by the state court judgment, but they were affirmed by the state court judgment in that it found the foreclosure proper. While plaintiffs do not directly challenge the state court judgment or invite its rejection, its rejection would be necessary to provide plaintiffs with a remedy. Finally, the state court's summary judgment ruling was entered well before this case was filed. Accordingly, plaintiffs' claims are also barred under the Rooker Feldman doctrine.

Failure to State a Claim

Finally, KeyBank contends that plaintiffs have failed to plausibly plead claims for violations of CUTPA, defamation, and fraud.  To plead these claims, plaintiffs rely solely on the conclusory allegation that KeyBank "falsely, wrongfully, and maliciously claimed that the plaintiffs were obliged to make monthly payments substantially greater than $3,125.15."  This single allegation is insufficient to state a claim under even the most liberal pleading standards.  See O'Hara v. MortgageIT, Inc., No.3:18-CV-01672 (MPS), 2019 WL 4645986, at *6 (D. Conn. Sept. 24, 2019) ("When a complaint is based solely on 'wholly conclusory allegations' and provides no factual support for such claims, it is appropriate to grant defendants motion to dismiss.").  For this additional reason, these claims must be dismissed.

V.  Conclusion

Defendant's motion to dismiss is hereby granted.  The Clerk may enter judgment and close the file.

So ordered this 30th day of September 2021.

/s/ RNC
Robert N. Chatigny
United States District Judge